

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-83,455-01

---

**EX PARTE JAMES WESLEY DUEITT, Applicant**

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 07-03-02301-CR(1) IN THE 359TH DISTRICT COURT FROM MONTGOMERY COUNTY

---

HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.

## DISSENTING OPINION

I respectfully dissent and write separately to explain why this Court need not remand this application because we can resolve Applicant's claim now.

James Dueitt was charged in a three-count indictment for possession methamphetamine, Ecstasy, and LSD. On August 13, 2008, he pled guilty to each count and true to an enhancement allegation. He was sentenced to eight years' confinement on each count to run concurrently. Six years after his conviction, Dueitt was notified that the laboratory technician who tested the drugs in his case had falsified test results in a

number of cases so that Dueitt might wish to have his case reviewed for possible malfeasance. Based on that notification, Dueitt filed a pro se application for a writ of habeas corpus, claiming that his convictions should be set aside on due process grounds.

We have held that to prevail, an applicant must show that (1) the technician in question is a state actor; (2) the technician has committed multiple instances of intentional misconduct in another case or cases; (3) the technician is the same technician that worked on the defendant's case; (4) the misconduct is the type of misconduct that would have affected the evidence in the defendant's case; and (5) the technician handled and processed the evidence in the defendant's case within roughly the same period of time as the other misconduct. *Ex parte Coty*, 418 S.W.3d 597, 605 (Tex. Crim. App. 2014). If an applicant meets this burden, an inference of falsity is established that the State must rebut, and if it fails to do so, an applicant is entitled to relief. *Id.*

The convicting court in this case recommended that we deny relief because Dueitt failed to meet the fourth and fifth prong of the *Coty* test. That is, he did not show that the technician in question had a history of misidentifying methamphetamine, Ecstasy, or LSD, the drugs Dueitt was accused of possessing in this case, nor could he prove that the laboratory technician falsified test results before 2011.[1] Because Dueitt could not establish an inference of falsity, his claim under *Coty* fails. But instead of denying relief, the Court remands this cause, in part, so the convicting court can apply the principles of

---

[1]Dueitt was convicted in 2008.

*Ex parte Coty*. Because the convicting court's findings of fact and conclusions of law show that it has already applied the principles of *Coty*, and its findings are supported by the record, I would deny relief.

I respectfully dissent.

Hervey, J.

Filed: May 25, 2016

Publish